UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SARAH COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10CV798 TIA |
| ) | |
| DENTAL ORGANIZATION FOR ) | |
| CONSCIOUS SEDATION, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motions to Dismiss for Failure to State a Claim by Defendants Strategic Dentistry, LLC and B2D Marketing, LLC. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

## I. Background

Plaintiff, the surviving spouse of John Coleman, filed a Wrongful Death Petition in Missouri state court, asserting three counts: strict liability, negligence, and aggravating circumstances. On April 30, 2010, Defendants Strategic Dentistry, LLC, Anthony Feck, Michael Silverman, Dental Organization for Conscious Sedation, and B2D Marketing, LLC removed the case to federal court. Plaintiff contends that Defendants' manuals, protocols, and products were defective and failed to provide proper warning, causing or contributing to the cause of John Coleman's death. (Petition, ¶¶ 15-16, 22-24, 29-30, 32)

Defendants Strategic Dentistry, LLC and B2D Marketing, LLC filed motions to dismiss, arguing that Plaintiff has failed to state a claim for which relief can be granted because education and protocols are not products. Further, Defendants state that with regard to the actual products

mentioned in the petition, Plaintiff failed to allege that those products were the subject of her claims. Plaintiff asserts that she has adequately alleged the required elements for causes of action in strict product liability and negligence such that dismissal is not warranted.

## II. Legal Standards

The United States Supreme Court has held that a complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007) (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. See Id. at 555; see also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Twombly, 550 U.S. at 556.

However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Further, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Ashcroft v. Iqbal, __ U.S. __ , 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. Id.

### III. Discussion

#### A. Strict Liability

Defendants contend that Plaintiff's Petition fails to plead the basic elements to state a claim for strict liability. Plaintiff argues that a fair reading of the Petition demonstrates that she is able to state a claim and supporting facts for her strict liability cause of action. The undersigned agrees that Plaintiff has sufficiently pleaded her claim under strict liability and that dismissal is not warranted.

Contrary to Defendants' assertion, the factual allegations stated in Plaintiff's Petition adequately support the legal conclusions. To state a claim under strict liability, a plaintiff must allege:

(1) The defendant, wherever situated in the chain of commerce, transferred a product in the course of business; and

(2) The product was used in a manner reasonably anticipated; and

(3) Either or both of the following:

(a) The product was then in a defective condition unreasonably

> dangerous when put to a reasonably anticipated use, and the plaintiff was damaged as a direct result of such defective condition as existed when the product was sold; or
>
> (b) The product was then unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics, and the plaintiff was damaged as a direct result of the product being sold without an adequate warning.

Mo. Rev. Stat. § 537.760 (2000).

In the instant case, the undersigned finds that the facts as alleged by the Plaintiff to support her strict liability claim are sufficient under Twombly. Plaintiff claims in her Petition that Defendants supplied and sold products, protocols, and instructions that were defective, unreasonably dangerous, and in substantially the same condition when used by Dr. Norouzi. The Petition also states that the product was unreasonably dangerous when put to a reasonably anticipated use and that Defendants failed to give adequate warning. Finally, the Petition asserts that Defendants, by providing and selling the defective and unreasonably dangerous product without an adequate warning caused or contributed to John Coleman's death. (Petition, ¶¶ 31-32) The undersigned finds that Plaintiff has adequately stated and supported the elements of a strict liability cause of action.

Defendants argue, however, that Plaintiff's factual allegations are insufficient because education, information, and protocols are not products. Defendants also maintain that, assuming the existence of a product, Plaintiff fails to allege how these products contributed to the cause of death of John Coleman.

With regard to the definition of a "product," Defendants rely on several cases declining to expand products liability law to ideas and expressions in a book. See Winter v. G.P. Puntam's Sons, 938 F.2d 1033, 1036 (9th Cir. 1991) (affirming summary judgment for the defendant publisher and

4

determining the book "The Encyclopedia of Mushrooms" was not a physical product but instead a "how to" book of pure thought and expression); Jones v. J.B. Lippincott Co., 694 F. Supp. 1216, 1217 (granting summary judgment for defendant publisher and finding that Section 402A of the Restatement (Second) of Torts pertaining to strict liability did not extend to the dissemination of an idea or knowledge in books, including the medical textbook in question); Smith v. Linn, 563 A.2d 123, 127 (affirming summary judgment for defendant publisher and stating that a diet book is not a product for purposes of strict liability).

Plaintiff, on the other hand, asserts that the manuals, protocols, and products supplied by Defendants are analogous to aeronautical charts and maps, which courts have found to be "products." See Brockelsby v. United States, 767 F.2d 1288, 1295 (9th Cir. 1985) (holding that an aeronautical chart was a defective product for purposes of analysis under section 402A); Saloomey v. Jeppesen & Co., 707 F.2d 671, 676-77 (2d Cir. 1983) (affirming the lower court's classification of navigational charts as products and finding that the mass production and marketing of the charts required the producer and seller had a special responsibility to ensure that consumers would not be injured by use of the charts).

The undersigned notes that the aforementioned courts did not render their decisions at the motion to dismiss stage. Instead, each court reviewed the content of the book or manual in question to determine whether the book was a product. See, e.g., Winter, 938 F.2d at 1034 (noting that "The Encyclopedia of Mushrooms" was a "reference guide containing information in the habitat, collection, and cooking of mushrooms"); Brockelsby, 767 F.2d at 1294-95 (analyzing the charts which graphically depicted the instrument approach procedure); Jones, 694 F. Supp. at 1217 (describing the drafting and editing of the section of the "Textbook for Medical and Surgical Nursing" pertaining to

5

the treatment of constipation); Smith, 563 A.2d at 124-25 (reciting the lower court's statement of the factual history, including the development of the book "When Everything Else Fails . . . The Last Chance Diet").

The only issue before this Court at the motion to dismiss stage is whether Plaintiff has alleged enough facts "to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555. The Court concludes that the Petition does allege sufficient facts to withstand the Defendants' Motion to Dismiss. Plaintiff states that Defendants supplied and sold products to dentists for use on dental patients with the intent that the dentists will rely upon them. Plaintiff also avers that these products, including manuals, equipment, videos/DVDs, and protocols were not based on good science and caused or contributed to cause the death of John Coleman. Plaintiff details the information contained in the alleged products which satisfies the standard calling for enough facts to raise a reasonable expectation that discovery will reveal evidence of Plaintiff's strict liability claim. (Petition, ¶¶ 20-30); Twombly, 550 U.S. at 556.

The undersigned also finds that Plaintiff has alleged facts sufficient to support her claim that the protocols caused or contributed to the cause of John Coleman's death. Plaintiff provides facts indicating that Dr. Norouzi relied upon and used those protocols in a manner reasonably anticipated and that John Coleman was injured as a result of the allegedly defective condition. Contrary to Defendants' conclusions, Plaintiff goes into great detail regarding the sedation protocols, the defects in those protocols, including dosing and reversal agents, and John Coleman's death, allegedly as a result of these defective protocols. (Petition, ¶¶ 20-30) Again, Plaintiff has stated enough facts to raise her right to relief above speculation. Thus, the Court denies Defendants' Motion to Dismiss with regard to the strict liability claim.

## B. Negligence

Defendants also contend that Plaintiff has failed to state a claim for which relief can be granted with regard to her negligence count.[1] Plaintiff asserts that she fully and adequately sets forth a claim for negligence. The undersigned agrees with Plaintiff and finds that dismissal is not warranted.

"A negligence claim requires proof of a duty, the breach thereof, and proximately caused damages." Sandage v. Bankhead Enters., Inc., 177 F.3d 670, 675 (8th Cir. 1999) (citation omitted). In her Petition, Plaintiff claims that Defendants had a duty to Plaintiff and the decedent, knowing and intending that dentists would utilize the methods, procedures, products, and protocols on patients. Further, Plaintiff asserts that Defendants breached that duty because, despite knowing that the dentists did not have specialized knowledge in the medications utilized, Defendants marketed the products; downplayed the risks; failed to adequately warn; failed to provide adequate information about the reversal agent; and encouraged the use of the medications that were off label, contrary to drug manufacturers' recommendations, and without an adequate scientific basis. Plaintiff contends that Defendants' breach of duty caused or contributed to the cause of death of John Coleman, resulting in damages. (Petition, ¶¶ 33-40) The undersigned finds that these facts satisfy the standard set forth in Twombly in that they raise a reasonable expectation that discovery will reveal evidence of Plaintiff's negligence claim. Twombly, 550 U.S. at 556. The Court will therefore deny Defendants' Motions to Dismiss the negligence count.

---

[1] The Court notes that the case relied upon by the Defendants in support of the required elements for a claim of "products liability under theories of negligence or strict liability" specifically does not address negligence, as the plaintiff did not claim negligence. (Memoranda of Law in Support of Motion to Dismiss, Doc. ## 19, 35); Prince v. Michelin N. Am., Inc.. No. 01-0654-CV-W-FJG, 2003 U.S. Dist. LEXIS 8901, at *8 (W.D. Mo. Jan. 29, 2003). However, because the Defendants request that the negligence count of Plaintiff's Petition also be dismissed, the Court will forth the reasons why the motions to dismiss under Rule 12(b)(6) will be denied.

7

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss for Failure to State a Claim of Defendant Strategic Dentistry, LLC [Doc. #18] is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion to Dismiss for Failure to State a Claim of Defendant B2D Marketing, LLC [Doc. #34] is **DENIED.**

/s/ Terry I. Adelman<br>UNITED STATES MAGISTRATE JUDGE

Dated this  13th  day of December, 2010.