UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SARAH COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10CV798 TIA |
| ) | |
| DENTAL ORGANIZATION FOR ) | |
| CONSCIOUS SEDATION, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Compel filed by Defendant Strategic Dentistry, LLC. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

## Background

Plaintiff, the surviving spouse of John Coleman, filed a Wrongful Death Petition in Missouri state court, asserting three counts: strict liability, negligence, and aggravating circumstances. On April 30, 2010, Defendants Strategic Dentistry, LLC, Anthony Feck, Michael Silverman, Dental Organization for Conscious Sedation, and B2D Marketing, LLC removed the case to federal court. Plaintiff contends that Defendants' manuals, protocols, and products were defective and failed to provide proper warning, causing or contributing to the cause of John Coleman's death. (Petition, ¶¶ 15-16, 22-24, 29-30, 32)

The Court issued a Case Management Order on November 3, 2010 setting forth the schedule for discovery, motions, and trial. The Court also issued an Addendum to the Case Management Order on November 16, 2010, which allowed the parties to conduct discovery limited to personal

jurisdiction. That Addendum specified that all deadlines in the November 3, 2010 Case Management Order remained in full force and effect.

On May 25, 2011, Defendant Strategic Dentistry, LLC filed a Motion to Compel, seeking answers to interrogatories ## 21-23 that requested the "specific educational materials, policies, procedures, protocols and/or other products that [Plaintiff] claims were defective, unreasonably dangerous and/or that were supplied without adequate warning." The interrogatories also sought a description of each alleged defect and a description of a feasible, safer alternative design, to the extent that Plaintiff claimed a design defect. (Def. Motion to Compel, Doc. #78, p. 3) In addition, Defendant asks this Court to compel Plaintiff to produce "all education materials, policies, procedures, protocols and/or other products that Plaintiff claims were defective, unreasonably dangerous and/or that were supplied without adequate warning." (Def. Motion to Compel, Doc. #78, p. 4) Finally, Defendant requests documents involving the prior litigation in the Circuit Court of St. Louis County, Missouri involving Dr. Norouzi, the dentist that performed the procedures. ( Def. Motion to Compel, Doc. #78, p. 5)

In response, Plaintiff contends that the interrogatories are contention interrogatories and are premature at this juncture. Further, Plaintiff argues that the request for production #7, pertaining to the allegedly defective materials, is equivalent of the contention interrogatories and would reveal counsel's thought processes. With regard to the request to produce #19 seeking the confidential settlement agreement, Plaintiff asserts that producing an unredacted copy of the agreement would violate a state court order. On June 27, 2011, the undersigned held a hearing on the pending motion.

**Discussion**

With regard to Interrogatories 21, 22, and 23, Plaintiff asserts that these are contention interrogatories. Contention interrogatories "'may ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts. *They are distinct from interrogatories that request identification of witnesses or documents that bear on the allegations.*'" In re Grand Casinos, Inc., 181 F.R.D. 615, 618 (D. Minn. 1998) (emphasis in original) (quoting McCarthy v. Paine Webber Group, Inc., 168 F.R.D. 448, 450 (D. Conn. 1996)). Further, contention interrogatories "'may narrow and define the issues for trial and enable the propounding party to determine the proof required to rebut the responding party's claim or defense.'" Helmert v. Butterball, LLC, No. 4:08CV00342 JLH, 2010 WL 4537096, at *1 (E.D. Ark. Nov. 3, 2010) (quoting Moses v. Halstead, 236 F.R.D. 667, 674 (D. Kan. 2006)). However, such interrogatories can also be unduly burdensome in that they require the answering party to provide a narrative account of its case. Id. Thus, a number of district courts in this circuit have held that contention interrogatories need not be answered until discovery is complete or nearly complete in accordance with Fed. R. Civ. P. 33(a)(2).[1] Id.; see also Cairo Marine Serv., Inc. v. Homeland Ins. Co. of New York, No. 4:09CV1492 CDP, 2010 WL 4614693, at *3 (E.D. Mo. Nov. 4, 2010) (ordering party to respond to contention interrogatories where discovery was closed and interrogatories were

---

[1] Under Fed. R. Civ. P. 33(a)(2):

> An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

3

reasonable in scope, appropriately timed, and relevant to the case).

The Court is also cognizant, however, of the fact that Rule 26(B)(1) of the Federal Rules of Civil Procedure allows parties to obtain discovery regarding nonprivileged matters that are relevant to the parties' claims or defenses. "[T]he purpose of discovery is to allow the parties to gain, at least, the basic information necessary to prepare for trial or make an informed decision about settlement." Desert Orchid Partners, L.L.C., v. Transaction Sys. Architects, Inc., Nos. 8:02CV553, 8:02CV561, 2006 WL 1805936, at *1 (D. Neb. June 28, 2006). Having basic information regarding the elements of a plaintiff's claim "may very well provide the defendants a 'roadmap' for further discovery decreasing the time and cost of litigation." Id.

Defendant Strategic Dentistry maintains that the interrogatories are not contention interrogatories but merely seek the identity of the product and its alleged defect. The undersigned finds that Defendant is entitled to the information requested in Interrogatories ##21 and 22, pertaining to the identity of the specific educational materials, policies, procedures, protocols and/or other products that Plaintiff claims were defective, unreasonably dangerous, and/or supplied without adequate warning, along with the accompanying alleged defects. This information will assist the Defendant in its efforts with regard to upcoming depositions, requests for discovery, and alternative dispute resolution. Further, the questions are not overly broad or unduly burdensome, as they "bear on specific and relevant allegations in the case." Shqeirat v. U.S. Airways Group, Inc., No. 07-1513 (ADM/AJB), 2008 WL 4232018, at *4, (D. Minn. Sept. 9, 2008). Thus, the Court will grant Defendant's motion with regard to Interrogatory #21.

With regard to Interrogatory #23, the undersigned finds that this more closely resembles a contention interrogatory and is premature. The interrogatory requests that Plaintiff state whether she

claims a feasible, safer alternative design and then describe such alternative design in detail. This interrogatory asks the Plaintiff to indicate what she contends and then to provide evidence on which she bases her contention that a safer, alternative design existed. At this point in the litigation, where little discovery has taken place, the Court finds that the interrogatory need not be answered until a later time, presumably after designation of experts and depositions of said experts.

With regard to Request for Production #7, the undersigned finds that Plaintiff should produce these documents. As Plaintiff concedes, it should answer this request in the same time frame that the Court orders Plaintiff to answer Interrogatories ## 21 and 22.[2] Further, Plaintiff provides no support, other than conclusory allegations, for the contention that the documents, upon which the law suit is based, are work product.

Finally, the Court will grant, in part, Defendants request for the Settlement Agreement between the Plaintiff and Dr. Norouzi. The Judgment Approving Settlement, attached to Plaintiff's Response as Exhibit A, provides only that the amount was confidential, not the other terms. (Pl. Response, Doc. #79, Exh. 2) In addition, the Judgment merely provides that the Settlement be withdrawn from the Court file and retained by counsel and does not contain any language, as alleged by the Plaintiff, indicating that counsel would be held in contempt for later producing the agreement. ( Pl. Response, Doc. #79, Exh. 2)

Moreover, when discovery requests pertain to a confidentiality agreement, the requesting party must meet a heightened standard out of respect for Federal Rule of Evidence 408 which promotes public policy encouraging settlements and upholding confidentiality agreements. <u>Auto-Owners Ins. Co. v. Mid-America Piping, Inc.</u>, No. 4:07CV00394, 2008 WL 2570820, at *2 (E.D.

---

[2] Interrogatory 23 does not appear to pertain to the requested documents.

Mo. June 26, 2008). Here, Defendant has demonstrated that it is entitled to discover the settlement agreement, as information contained therein could assist in formulating its defense. However, out of an abundance of caution, and because the Court has yet to determine whether jurisdiction exists in this case, the Plaintiffs should file the agreement with the settlement amount redacted under seal to be viewed only by the attorneys and the Court. As for the settlement amount, the Court will revisit the issue, if necessary, after the jurisdictional issue is resolved.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Strategic Dentistry, LLC's Motion to Compel [Doc. #78] is **DENIED** in part, and **GRANTED** in part.

**IT IS FURTHER ORDERED** that Plaintiff shall answer Strategic Dentistry, LLC's Interrogatories ## 21 and 22 and shall produce the documents requested in Strategic Dentistry, LLC's Request for Production #7.

**IT IS FURTHER ORDERED** that Plaintiff shall file a copy of the Settlement Agreement in Case Number 2107CC-03238 under seal for viewing by the attorneys of record and the Court, with the settlement amount redacted.

        /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  29th  day of  June , 2011.